**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

BRIAN DOUGLAS SPIVEY

        Debtor

Case No. 08-35118

DAVID N. KING and
ANTHONY G. BROWN, individually,
BROWN, KING CONSTRUCTION, LLC,
h/f/d/b/a BROWN, KING, SPIVEY GROUP, LLC

        Plaintiffs

        v.

BRIAN DOUGLAS SPIVEY, individually,
h/f/d/b/a BRIAN SPIVEY CONSTRUCTION

        Defendant

Adv. Proc. No. 09-3028

**MEMORANDUM ON
DEFENDANT'S MOTION FOR NEW TRIAL**

APPEARANCES:    THE LAW OFFICE OF DOUGLAS L. DUNN, P.C.
                            Douglas L. Dunn, Esq.
                            706 Walnut Street
                            Suite 402
                            Knoxville, Tennessee  37902
                      GLENNA W. OVERTON LAW FIRM
                            Glenna W. Overton, Esq.
                            Post Office Box 31651
                            Knoxville, Tennessee  37930-1651
                            Attorneys for Plaintiffs

       F. D. GIBSON, III, ESQ.
         222 Ellis Avenue
         Maryville, Tennessee  37804
       R. D. HASH, ESQ.
         211 Ellis Avenue
         Maryville, Tennessee  37801
         Attorneys for Defendant

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

Before the court is the Motion for New Trial filed on October 20, 2010, and the Amended Motion for New Trial filed on October 26, 2010 (collectively, Motion for New Trial) by the Defendant, asking the court, pursuant to Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure, to set aside its Judgment and corresponding Memorandum entered on October 7, 2010, and to grant him a new trial on all issues.[1]  Pursuant to the Order entered on October 21, 2010, the Plaintiffs filed the Plaintiffs' Response in Opposition to Amended Motion for New Trial (Response) on November 15, 2010, after which the Defendant filed a Reply to Plaintiff's [sic] Response on November 22, 2010.[2]

# I

The trial of this adversary proceeding was held on May 24, 2010.  At the close of trial, the court directed the parties to file proposed findings of fact and conclusions of law, which each side submitted on July 30, 2010.  Thereafter, on October 7, 2010, the court awarded the Plaintiffs a Judgment in the amount of $344,604.29 which was declared nondischargeable under 11 U.S.C. § 523(a)(4) (2006).  The Judgment was accompanied by a Memorandum setting forth findings of fact and conclusions of law.  In his Motion for New Trial, the Defendant avers that the Plaintiffs gave false and misleading testimony as well as mischaracterized exhibits, that the court erroneously awarded damages to the Plaintiffs, and that the Defendant's trial attorney prejudiced the outcome of the trial due to excusable neglect.

---

[1] The Motion for New Trial references the Affidavit of Brian Spivey, *see* ¶ 22d.; however, no affidavit was filed as an attachment to the Amended Motion or as a separate document in support of the Amended Motion.

[2] The Defendant was not granted authority to file a response to the Plaintiffs' Response, and as such, his Reply to Plaintiff's [sic] Response was not considered in the resolution of the Motion for New Trial.

The findings in support of the Judgment are set forth in detail in the Memorandum and will not be restated here. In summary, the Plaintiffs and the Defendant were formerly members in Brown, King, Spivey Group, LLC (BKS, LLC), established in November 2006, for the purpose of constructing, developing, and operating residential and commercial real property for profit. The Defendant was appointed managing member and, through his corporation, The Spivey Group, Inc., began constructing homes upon seventeen lots purchased by BKS, LLC. Approximately one year after forming BKS, LLC, the parties had a disagreement concerning whether or not the Defendant and/or The Spivey Group, Inc. was entitled to a 10% builder's fee, and he was expelled from BKS, LLC by the Plaintiffs on November 30, 2007. In February 2008, the Defendant, in his capacity as president of The Spivey Group, Inc., recorded with the Knox County Register of Deeds a mechanic's lien in the amount of $54,767.59 against Lot 20 in Cantrell Heights Subdivision, one of the lots upon which homes had been constructed, and The Spivey Group, Inc. received that amount upon the sale of Lot 20.

The Plaintiffs subsequently filed a lawsuit against The Spivey Group, Inc. and received a default judgment in the amount of $441,481.54 in the Knox County Chancery Court. The Defendant filed the Voluntary Petition commencing his Chapter 7 case on November 12, 2008, and the Plaintiffs filed the Complaint commencing this adversary proceeding on March 16, 2009, seeking a monetary judgment inclusive of pre-judgment interest and attorneys' fees, as well as a determination that the judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(2), (4), and/or (6). In its Memorandum filed on October 7, 2010, the court made the following determination, based upon the evidence before it and the testimony of the four witnesses:

>In summary, the court finds that the Defendant fraudulently misappropriated and embezzled funds which were entrusted to him pursuant to his position as managing member of BKS LLC. The record supports a judgment in favor of the Plaintiffs and against the Defendant in the total amount of $344,604.29, representing $3,961.81 in late fees and missed discounts, $120.18 for failing to return key sensors, $187,492.93 in funds received from the construction draws and line of credit with First Tennessee Bank by The Spivey Group, Inc. but not attributable to any BKS LLC project, a credit of $2,617.69 for interest paid by The Spivey Group, Inc. to First Tennessee Bank but not accounted for by the Plaintiffs, $13,721.71 for invoices attached to the mechanic's lien filed by the Defendant against Lot 20 Cantrell Heights that had previously been paid with BKS LLC funds, $30,557.09 for the 10% builder's fee also included within the mechanic's lien, and $111,368.26 for charges made by the Defendant on the American Express card for personal charges and charges which cannot be reconciled. This judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

MEM. OP. at 34. The Plaintiffs also sought, but the court declined to award, attorneys' fees and pre-judgment interest.

In the Motion for New Trial, the Defendant avers that the Plaintiffs gave false and misleading testimony that their attorney should have known was false and misleading, focusing considerable attention on a photograph contained in Collective Trial Exhibit 6 depicting the house being built on Lot 20 in Cantrell Heights subdivision. Primarily, the Defendant argues that the Plaintiffs both testified at trial that all of the photographs contained in Collective Trial 6 had been taken on November 10, 2007, when that particular photograph, according to the Defendant, had been taken between July 12 and July 29, 2007. The Defendant also contends that other testimony was false and misleading, referencing, *inter alia*, agreements between the parties concerning Mr. King's health insurance premiums paid for with BKS, LLC funds and the 10% builder's fee to which the Defendant argued he was entitled as well as testimony concerning the copper theft occurring in the summer of 2007, and the subsequent insurance payment by State Farm Insurance. AMEND. MTN. ¶¶

5

1-8, 10. The Defendant additionally argues that the court relied on incomplete and misleading exhibits and therefore erred in charging the 10% builder's fee back to the Defendant, finding that the Defendant was liable for unaccounted for expenses, charging back to the Defendant invoices attached to the mechanic's lien, and in making its analysis of the American Express charges made by the Defendant. AMEND. MTN. ¶¶ 9, 11-19. Finally, the Defendant argues that he was prejudiced at trial by the excusable neglect of his attorney, C. Mark Troutman, who failed to follow the local rules of the court and the directives set forth in the Pretrial Order concerning the submission of exhibits and who failed, according to the Defendant, to properly interview witnesses, take depositions, prepare the Defendant and his wife for trial, and prepare for cross-examination of the Plaintiffs. AMEND. MTN. ¶ 22.

As a basis for his Motion for New Trial, the Debtor cites first to Rule 9023 of the Federal Rules of Bankruptcy Procedure, incorporating Rule 59 of the Federal Rules of Civil Procedure, which provides, in material part, as follows:

> (a) **In General**
>
> > (1) *Grounds for New Trial*. The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:
> >
> > . . . .
> >
> > (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.
> >
> > (2) *Further Action After a Nonjury Trial*. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

FED. R. CIV. P. 59.

A motion under Rule 59 is not, however, "intended to provide the parties an opportunity to relitigate previously-decided matters or present the case under new theories[,]" and "[t]he burden of demonstrating the existence of a manifest error of fact or law rests with the party seeking reconsideration." *In re Nosker*, 267 B.R. 555, 564-65 (Bankr. S.D. Ohio 2001); *see also Condor One, Inc. v. Homestead Partners, Ltd. (In re Homestead Partners, Ltd.)*, 201 B.R. 1014, 1018 (Bankr. N.D. Ga. 1996) (stating that a Rule 59 motion may not be "viewed as a means for overcoming one's failure to litigate matters fully."). "[I]n non-jury cases, new trials are typically ordered under Rule 59(a) only when there has been a manifest error of law or a mistake of fact." *Olson v. Anderson (In re Anderson)*, 357 B.R. 473, 475 (Bankr. W.D. Mich. 2006) (quoting *Crehan v. Ly (In re Ying Ly)*, 350 B.R. 757, 759 (Bankr. W.D. Mich. 2006) (internal citations omitted)).

None of the averments or arguments advanced by the Defendant in the Motion for New Trial meet the strict standard for granting a new trial under Rule 59(a)(2). The Defendant's first group of arguments, concerning the misdated photograph in Collective Trial Exhibit 6, is irrelevant because the court did not rely upon that photograph or any other photographs contained therein when making its findings of fact or conclusions of law. In fact, Collective Trial Exhibit 6 is not referenced in either the Judgment or the Memorandum filed October 7, 2010. Similarly, the court rejects the Defendant's arguments with respect to the testimony given by the Plaintiffs concerning the payment of Mr. King's health insurance premiums, the Defendant's 10% builder's fee, and the copper theft and subsequent insurance reimbursement from State Farm. The court listened to the conflicting testimony of the parties and simply found that of the Plaintiffs to be more credible than that of the Defendant.

As it relates to the assessment of damages against the Defendant, the court acknowledges that the summary of damages submitted by the Plaintiffs was insufficient to rely upon entirely, and therefore, a great deal of time was spent by the court analyzing and comparing the figures on the exhibits themselves. It was through this comparison in conjunction with the testimony of all the witnesses that the court came to its figures forming the total judgment. In each category, the Plaintiffs properly proved that BKS, LLC funds had been spent but were unaccounted for, and that the Defendant was the party in whose hands the funds had previously been entrusted, or that the Defendant had spent BKS, LLC funds that had not been attributable to any of the cost detail reports in evidence. Where the Defendant had no documentation to support his testimony, while the Plaintiffs relied on documents in the record, the court easily determined that the Defendant misappropriated funds and that a nondischargeable judgment was proper.

The Debtor also cites to Rule 9024 of the Federal Rules of Bankruptcy Procedure, through which Rule 60 of the Federal Rules of Civil Procedure applies in adversary proceedings with three limited exceptions not at issue here. The Defendant has not specified which subsection of Rule 60(b) he is relying upon; however, as the court reads the Motion for New Trial, it appears that he is relying upon subsection (b)(1) for "mistake, inadvertence, surprise, or excusable neglect" and/or subsection (b)(6) for "any other reason that justifies relief." FED. R. CIV. P. 60(b).

In the Sixth Circuit, a motion under Rule 60(b)(1) is "intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir.

2000) (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999)). Here, the Defendant argues that he was prejudiced by the excusable neglect of his trial attorney, C. Mark Troutman, by Mr. Troutman's failure to follow the court's local rules and the Pretrial Order entered in the adversary proceeding concerning the pre-marking and pre-filing of trial exhibits, untimely offering into evidence exhibits the Defendant required to be successful at trial, and failing to properly prepare for trial by not interviewing witnesses, taking the Plaintiffs' depositions, calling witnesses for trial, preparing the Defendant and his wife for trial examination, and preparing for cross-examination of the Plaintiffs.

"[F]or the purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd.*, 113 S. Ct. 1489, 1498 (1993). Three factors are relevant to determine whether Rule 60(b)(1) relief is appropriate: "(1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim." *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003) (quoting *United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1983)). Only when a party can demonstrate that it lacks culpability due to mistake, inadvertence, surprise, or excusable neglect does the court look to the other two factors. *Williams*, 346 F.3d at 613. "A party's conduct is culpable if it 'displays either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.'" *Williams*, 346 F.3d at 613 (quoting *Amernational Indus. v. Action-Tungsram, Inc.*, 925 F.2d 970, 978 (6th Cir. 1991)). Nevertheless, "Rule 60 was not intended to relieve counsel of the consequences of decisions deliberately made, although subsequent

events reveal that such decisions were unwise." *FHC Equities, LLC v. MBL Life Assur. Corp.*, 188 F.3d 678, 687 (6th Cir. 1999) (quoting *In re Salem Mortg. Co.*, 791 F.2d 456, 459 (6th Cir. 1986)). In general, "'clients must be held accountable for the acts and omissions of their attorneys,' who are, after all, those clients' 'freely selected agent[s].'" *United States v. Munoz*, 605 F.3d 359, 368 (6th Cir. 2010) (quoting *Pioneer*, 113 S. Ct. at 1499). Thus, "the proper focus is upon whether the neglect of [the Defendant] *and [his] counsel* was excusable[,]" *Pioneer*, 113 S. Ct. at 1499, and "an attorney's inaction or strategic error based upon a misreading of the applicable law [or rules] cannot be deemed 'excusable' neglect, even thought it might well be excusable for the client to rely on the advice of counsel." *McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002).

Here, the Defendant argues that Mr. Troutman's failure to properly prepare for trial constitutes excusable neglect. The primary focus of the Defendant's complaint is Mr. Troutman's failure to properly introduce exhibits into the record by pre-marking and pre-filing them as required by the Pretrial Order entered on July 14, 2009. Prior to trial, on May 17, 2010, a total of twenty-one exhibits, along with an index, were jointly pre-marked and pre-filed for use at trial; however, at the opening of the trial, after swearing in witnesses, the court addressed the parties and their counsel, and the following exchange occurred concerning exhibits:

> THE COURT: You have pre-marked and pre-filed a number of exhibits. As, as stated in the pre-trial order, these will be admitted during the course of the trial unless there's some stipulations you have entered into. There have not been any stipulations filed, I don't believe.
>
> . . . .

> I have read your briefs. If you have any, a brief opening statement, I'd be happy to entertain that, but I have read the briefs and I have familiarity, at least with what the allegations are.
>
> MR. DUNN: Your Honor, just as a procedural matter, I will bring to the Court's attention at this time there are – we have been presented this morning with some additional exhibits by the defendants. These are exhibits that I don't believe the plaintiffs have seen. They've been requested in discovery but certainly not been seen before this morning and Ms. Overton is, can deal with the details as to when the requests were made for these documents, but nobody has seen them before this morning. There's been no opportunity to file any objections.
>
> THE COURT: Well, the exhibits were to be filed a week ahead of time, pre-marked and pre-filed a week ahead of time.
>
> MR. DUNN: That's the way I read the order, Your Honor.
>
> MR. TROUTMAN: Your Honor, there's a couple exhibits. There's some American Express bills. There was an American Express summary that was introduced. The bills are really duplicative of that.
>
> So, you know, we can work off the summaries that were pre-marked but what the, what the defendant did last week was he went back and took those American Express charges, went through them, pulled the invoices to match up with the charges that were on the American Express bills. Those are, those are the additional invoices that are in there. Those invoices were provided a long time ago in the state court discovery.
>
> The other last exhibit was a chart, a summary, that the defendant has made. The plaintiffs produced a summary. The defendant this week went back and made his own summary and the back-up documentation, which, again, is invoices and things that were a long time produced.
>
> So, in essence, those are the two exhibits that we've added.
>
> THE COURT: Well, the, the pre-trial order for this very reason directs the filing, pre-marking and pre-filing a week ahead of time just so we don't have these problems, so.

TR. pg.6, ln.11 through pg.8, ln.18. These additional exhibits were not allowed.

11

> The July 14, 2009 Pretrial Order expressly provided that:
>
> A duplicate set of exhibits with an index shall be pre-marked and filed with the Court no later than one week prior to trial. Objections to authenticity of any proposed exhibit shall be filed by the objecting party at the time the exhibits are filed. All exhibits shall be deemed admissible at trial subject to relevancy and objection filed by any party.

PRETRIAL ORDER ¶ 4. This language memorialized in writing the court's routine directives concerning trial exhibits at the pretrial conference held on June 11, 2009, during which counsel were instructed to pre-mark and pre-file duplicate sets of exhibits, along with an index, one week prior to trial. Trial was originally scheduled for November 16, 2009, but at the Defendant's request, was continued to May 24, 2010. During that six month period, the Defendant had ample time to prepare and produce the documents his attorney sought to introduce on the morning of trial, and they should have been included within the pre-marked and pre-filed exhibits. His failure to do so, as well as his attorney's failure to ensure that they were pre-filed, may not now be cured by a Rule 60(b)(1) motion.

Finally, Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed in the first five numbered clauses of the Rule" since "almost every conceivable ground for relief is covered under the other subsections of Rule 60(b)." *In re Reiman*, 431 B.R. 901, 910 (Bankr. E.D. Mich. 2010) (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) and *Rogan v. Countrywide Home Loans, Inc. (In re Brown)*, 413 B.R. 700, 705 (B.A.P. 6th Cir. 2009)). "Consequently, courts must apply Rule 60(b)(6) relief only in 'unusual and extreme situations where principles of equity mandate relief.'" *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Olle v. The Henry*

*& Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Rule 60(b)(6) "does not particularize the factors" justifying relief but "provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice,' while also cautioning that it should only be applied in 'extraordinary circumstances.'" *Olle*, 910 F.2d at 366 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 108 S. Ct. 2194, 2204 (1988) (citations and footnote omitted)).

This adversary proceeding was filed on March 16, 2009, following a lawsuit filed in the Knox County Chancery Court against The Spivey Group, Inc. Trial was originally scheduled for November 2009, but subsequently continued to May 2010, at which time the court held an all-day trial, heard the testimony of the four witnesses, and received into the record twenty-one voluminous exhibits. The parties were directed at the close of proof to prepare and file proposed findings of facts and conclusions of law which were submitted on July 30, 2010. Thereafter, on October 7, 2009, the court filed its Memorandum based upon its analysis of the record. It did not adopt the proposed findings of facts and conclusions of law submitted by either of the parties. There was nothing out of the ordinary with respect to the pretrial of this adversary proceeding or in the conducting of the trial itself, and the Defendant has failed to raise any issue that could be deemed extraordinary for the purposes of granting a motion under Rule 60(b)(6).

In summary, the court finds that the Defendant is not entitled to relief under Rules 9023 or 9024 of the Federal Rules of Bankruptcy Procedure, incorporating Rules 59 and 60 of the Federal

Rules of Civil Procedure, and his Motion for New Trial will be denied. An Order consistent with this Memorandum will be entered.

FILED: December 14, 2010

                                      BY THE COURT

                                      */s/  RICHARD STAIR, JR.*

                                      RICHARD STAIR, JR.
                                      UNITED STATES BANKRUPTCY JUDGE